PER CURIAM.*
On November 21, 1979, 377 So.2d 344, we rendered a decision in this matter, addressing all assigned errors in the formal opinion and in an appendix designated as “Not for Publication.” Upon review we found no grounds for reversal of defendant’s conviction and sentence with the exception of those assignments relating to the trial court’s refusal to conduct an evidentiary hearing on allegations in a motion for new trial that threats to certain members of the jury during the course of the trial had made it impossible for defendant to receive a fair trial. In conclusion we decreed that “the case is remanded to the trial court for an evidentiary hearing to determine the nature of the threats to the jury, which jurors were threatened, and whether the entire jury knew of the threats.” We now amend that decree to clearly indicate the intent of the majority of this Court:

Amended Decree

Since we find no error with the exception of the trial court’s failure to hold an eviden-tiary hearing on the motion for a new trial, it is not necessary at this time to reverse defendant’s conviction and sentence. See State v. Hills, 354 So.2d 186 (La.1977); State v. Simmons, 328 So.2d 149 (La.1976). Rather the case is remanded to the trial court for an evidentiary hearing to determine the nature of the threats to the jury, which jurors were threatened, and whether the entire jury knew of the threats. We reserve to the trial court the power to grant a new trial should it find that the evidence adduced at this hearing so requires. If, on the other hand, after the taking of evidence, the trial court denies the motion for a new trial, the right to appeal from such a ruling is reserved to the defendant. In the absence of such an appeal, the conviction and sentence are affirmed.
The case is remanded to the trial court for further proceedings in accordance with this opinion.[1]

 Judge Paul B. Landry, Jr., Retired, sat by ■ assignment as Associate Justice Ad Hoc upon this case.

. Because we have this date amended the decree, the time within which to apply for rehearing is reinstated. See La.Sup.Ct. Rules, Rule 9.