412 So.2d 1007 (1982)
STATE of Louisiana
v.
Allen Keith GASKIN.
No. 81-KA-1629.
Supreme Court of Louisiana.
April 5, 1982.
*1009 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., for plaintiff-appellee.
D. G. Tyler, and Tommy J. Johnson, Shreveport, for defendant-appellant.
MARCUS, Justice.
Allen Gaskin, James Earl Thomley, Jr. and Stephen Scott were charged by the grand jury in the same indictment with the first degree murder of Virginia Smith in violation of La.R.S. 14:30. The trial judge granted Scott's motion for severance and the prosecution proceeded against Thomley and Gaskin. After trial by jury, defendants were found guilty as charged. After a sentencing hearing before the same jury that determined the issue of guilt, the jury recommended a sentence of life imprisonment without benefit of probation, parole or suspension of sentence for each defendant. The trial judge sentenced defendants in accordance with the recommendations of the jury. This appeal is only by Gaskin who relies on eight assignments of error for reversal of his conviction and sentence.

FACTS
On October 31, 1980, at approximately midnight, the victim, Virginia Smith, and a friend, Alternette Jeter, were walking near the Municipal Auditorium in Shreveport. Gaskin, Thomley and Scott were riding around in Scott's car. Thomley jumped out of the car, grabbed the victim, Virginia Smith, and forced her into the car. Alternette Jeter, the victim's friend, escaped by running away. At knifepoint, Smith was forced to engage in oral sex with Thomley and Gaskin. Scott drove to a wooded area in Bossier Parish and Smith was taken out of the car. Thomley then beat her and cut her throat with his knife. Gaskin then stabbed her numerous times in the back. About a month later, the decomposed body of Virginia Smith was found near the levee. Gaskin, Thomley and Scott were subsequently arrested and charged as aforesaid.

ASSIGNMENTS OF ERROR NOS. 1 AND 6
Defendant contends the trial judge erred in denying his motion to suppress his confession on the ground that it was not freely and voluntarily made after being advised of his Miranda rights (Assignment of Error No. 1). He further contends the trial judge *1010 erred in allowing his confession in evidence without a proper foundation, in permitting testimony of the police officer as to its content rather than the tape recording itself, and in not requiring the entire statement to be introduced in evidence (Assignment of Error No. 6).
At the suppression hearing, Deputy Ron Thiebaud and Detective David Crawford testified that defendant was arrested on January 7, 1981, and brought to the Youth Bureau Division of the Shreveport Police Department. After being advised of his Miranda rights, defendant executed a waiver of rights form. Defendant indicated his involvement in the murder of Virginia Smith and agreed to give a recorded statement. Prior to taking the recorded statement, defendant was again advised of his rights and executed another waiver of rights form. Both officers testified that defendant appeared to fully understand his rights and was not promised anything or threatened in any way. They denied that defendant requested an attorney at any stage in the proceedings. On the other hand, defendant claimed that he did not understand the waiver of rights forms he signed and that when he requested an attorney, he was told by the officers that it would be easier on him in court if he confessed and that he did not need an attorney. At the time of his arrest, defendant was seventeen years old and had completed the tenth grade in high school. At the conclusion of the hearing, the trial judge, finding that defendant's statement was "freely and voluntarily" made after having been advised of his Miranda rights, denied the motion to suppress.
Before a confession can be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. La. R.S. 15:451. It must also be established that an accused who makes a confession during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The admissibility of a confession is in the first instance a question for the trial judge. His conclusions on the credibility and weight of testimony relating to the voluntariness of a confession will not be overturned on appeal unless they are not supported by the evidence. State v. Dewey, 408 So.2d 1255 (La.1982); State v. Hathorn, 395 So.2d 783 (La.1981); State v. Castillo, 389 So.2d 1307 (La.1980), cert. denied, ___ U.S. ___, 101 S.Ct. 3159, 69 L.Ed.2d 1004 (1981). When a ruling on a motion to suppress a confession or statement is adverse to the defendant, the state shall be required, prior to presenting the confession or statement to the jury, to introduce evidence concerning the circumstances surrounding the making of the confession or statement for the purpose of enabling the jury to determine the weight to be given the confession or statement. La.Code Crim.P. art. 703(G).
After a review of the record, we are convinced, as was the trial judge, that the state satisfied its burden of affirmatively proving that the confession was freely and voluntarily made after defendant had been advised of his Miranda rights. Defendant's contentions that he requested an attorney and did not fully understand his rights were in direct conflict with the testimony of Detective Crawford and Deputy Thiebaud. Accordingly, we are unable to say that the trial judge erred in denying defendant's motion to suppress the confession.
Defendant's contention that an inadequate foundation was laid prior to the introduction of the confession in evidence is not borne out by the record. Rather, the record reflects that the circumstances surrounding the making of the confession were fully presented to the jury.
Defendant next contends that the trial judge erred in allowing Deputy Thiebaud to testify as to what he said, aided by a transcribed copy of his confession, rather than requiring the state to play the tape recording in the presence of the jury. He argues that the "best evidence rule" dictates that the tape recording itself be introduced.
*1011 Prior to introduction of the confession in evidence, counsel for Thomley objected to the tape being played to the jury because it would be impossible to do so without including references to his client. The trial judge sustained the objection. Defendant Gaskin noted his objection to the ruling.
Under the circumstances, we do not consider that the trial judge erred in permitting Deputy Thiebaud to testify what defendant said rather than playing the tape recording to the jury. Moreover, we have held that La.R.S. 15:436, requiring production of the best evidence within a party's control, is to be applied sensibly and with reason. State v. Fallon, 290 So.2d 273 (La.1974). Such was clearly the case here. Additionally, we have held that absent a showing of prejudice, a conviction will not be reversed on the ground that the best evidence was not produced. State v. Bennett, 341 So.2d 847 (La.1976). No prejudice was shown here.
Finally, defendant contends that the trial judge erred in not requiring introduction of the entire statement in evidence. He argues that he was denied his right to present a defense because the jury was not adequately informed of the extent of his culpability, vis-a-vis, his codefendant, Thomley. La.R.S. 15:450 provides:
Every confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford.
In the instant case, defendant's confession contained several references to the actions of his codefendant, Thomley. Because Thomley's constitutional right to confrontation would have been violated had those references been repeated in the jury's presence, Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), Deputy Thiebaud was instructed to refrain from mentioning Thomley's name. Despite this, the jury was fully informed as to the comparative roles of defendant and Thomley in the murder through the detailed testimony of Scott (co-participant in the crime) who turned state's evidence and testified at trial. Hence, we do not consider that defendant's right to present a defense was in any way affected by excluding Thomley's name while Deputy Thiebaud related defendant's confession to the jury.
Assignments of Error Nos. 1 and 6 are without merit.

ASSIGNMENTS OF ERROR NOS. 2 AND 4
Defendant contends the trial judge erred in denying his motions for continuance grounded on the claims that the state failed to timely answer his motion for discovery and to amend its answer.
The first motion for a continuance was filed on March 17, 1981, in which it was alleged that defendant had not received a copy of the autopsy report and the trial was set, at that time, for March 23, 1981. Trial was thereafter reset for March 25, 1981. At a hearing on the motion on March 17, the district attorney stated that his office had not received the report from the coroner despite his repeated requests for same; therefore, he could not furnish defendant with a copy of it. The district attorney suggested that defendant contact the coroner's office directly.
On March 23, 1981, defendant filed a second motion for a continuance alleging that additional time was needed as the state had amended its answer to his motion for discovery that morning revealing that codefendant Thomley had made an inculpatory statement to one Roger Irby and that Alternette Jeter had misidentified Thomley during a photographic showup.
The granting or refusal of a motion for continuance rests within the sound discretion of the trial judge and his ruling will not be disturbed on appeal absent a clear abuse of discretion. Whether a refusal to grant a continuance was justified depends primarily on the circumstances of the particular case. We have generally declined to reverse convictions absent a showing *1012 of specific prejudice caused by the denial of a continuance. La.Code Crim.P. art. 712; State v. Ordonez, 395 So.2d 778 (La. 1981).
In the instant case, defendant has made no showing that he could have presented a better defense had he been given additional time to prepare his case. He had already received a crime lab report and the coroner's statement of the cause of death. Moreover, the autopsy report when received on March 18 (some seven days before trial) was furnished to defendant without delay. The inculpatory statement by Thomley was a reference to the fact that he let out a yell as he cut the victim's throat and did not implicate Gaskin. Likewise, the misidentification of Thomley was not directly relevant to Gaskin's defense. The trial judge denied the motion for continuance because the trial date had already been upset due to another trial and he considered that delay to be sufficient time for Gaskin's counsel to evaluate the new evidence. Hence, defendant received, in effect, a two-day continuance. Absent a showing of specific prejudice, we are unable to say that the trial judge abused his discretion in denying defendant's motions for continuance.
Assignments of Error Nos. 2 and 4 are without merit.

ASSIGNMENTS OF ERROR NOS. 3 AND 7
Defendant contends the trial judge erred in denying his motion for severance of trial from that of codefendant Thomley on the grounds that their defenses were antagonistic and that Thomley's notoriety would prejudice the jurors against him by association. The motion was made prior to trial and was reurged after the state had rested its case. It was denied on both occasions.
At the hearing prior to trial, the only evidence adduced in support of the motion was a transcript of Gaskin's confession and the opinions of counsel for both Thomley and Gaskin that the defenses were antagonistic. No evidence was presented showing the "notoriety" of Thomley or how a joint trial would prejudice Gaskin.
La.Code Crim.P. art. 704 provides that jointly charged defendants shall be tried jointly unless the state elects to try them separately or the court, after a contradictory hearing, is satisfied that justice requires a severance. Whether "justice requires a severance" must be determined by the facts of each case. The mere allegation that the defenses will be antagonistic is not sufficient to require a severance. The trial judge's decision to disallow a severance under art. 704 is a discretionary one which will not be upset by this court absent abuse. State v. Manuel, 408 So.2d 1235 (La.1982).
In the instant case, the trial judge denied the motion because he did not consider the conclusions of counsel to constitute anything more than "mere allegations" of antagonism. In making his ruling, the judge stated that
if [the legislature] felt like it was just simply a matter that counsel for the defense would satisfy themselves that there were antagonistic defenses and they could just give sworn testimony to that effect, well, then we could do it by affidavit. You could just file your petition and put a sworn statement on that to the effect that there was antagonistic defenses and then you'd be entitled as a right to your severance. I think something more is required than that.
Additionally, Gaskin's statement could be excised of references to Thomley, thus conforming it to law. We are unable to say that the trial judge abused his discretion in denying the motion for severance.
In any event, the defenses were not antagonistic. Neither Gaskin's statement to Deputy Thiebaud and Detective Crawford nor Thomley's statement to Roger Irby shifts the blame toward the other defendant; rather, each statement indicates that both participated as principals. Defendant concedes in his brief that the thrust of his argument is that "he was not as culpable as... Thomley." Justice does not require severance where only the extent of participation of each defendant is at issue. State *1013 v. Simmons, 381 So.2d 803 (La.1980), cert. denied, 449 U.S. 1036, 101 S.Ct. 612, 66 L.Ed.2d 498.
Assignments of Error Nos. 3 and 7 are without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in admitting in evidence two photographs of the deceased victim. He argues that the photographs had little or no probative value and had a prejudicial effect on the jury.
The state sought to introduce in evidence nine photographs of the victim. The trial judge excluded seven of the photographs. The first photograph admitted in evidence depicts the skeletal remains of the deceased victim at the scene of the alleged murder. The second photograph shows a piece of skin taken from the deceased's back with multiple stab wounds visible.
It is well established that the test of admissibility of allegedly gruesome photographs is whether their probative value outweighs the possible prejudice that may result from their display to the jury. Photographs of the body of a deceased victim have generally been held relevant to prove the corpus delicti; to corroborate other evidence of the manner in which death occurred; to establish the location, severity and number of wounds; and to establish the identity of the victim. State v. Lewis, 353 So.2d 703 (La.1977), and cases cited therein.
After examining the photographs in question, we do not consider that they are gruesome. Moreover, both were relevant to prove the identity of the murder victim and to corroborate the testimony concerning the manner in which the victim was killed. The victim's body was not discovered for 38 days and because of extensive decomposition, due in part to a fire on the levee and animal depredation, the photographs were necessary to support the coroner's testimony as to identity and cause of death. Since the probative value of the photographs outweighs any possible prejudicial effect, the trial judge did not err in admitting them in evidence.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 8
Defendant contends the trial judge erred in denying his motion for new trial based on the errors contained in Assignments of Error Nos. 1 through 7. Because there was no merit to those contentions, defendant was not entitled to a new trial. Accordingly, the trial judge did not err in denying defendant's motion for a new trial.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.