LABORDE, Judge.
The defendant-appellant, John Brady Bal-fa, was charged on December 27, 1984, by amended bill of information, with attempted second degree murder (LSA-R.S. 14:27 and 14:30.1) and with attempted armed robbery (LAS-R.S. 14:27 and 14:64).
Before trial, the defendant moved for a continuance and/or a change of venue. The motions were based on the defendant’s contention that he would be prejudiced by local publicity regarding the defendant’s indictment in the murder of Aubrey La-Haye in neighboring Evangeline Parish.
The motions were denied and the defendant was found guilty of aggravated battery (LSA-R.S. 14:34) on March 26, 1985. No verdict was returned and a mistrial was declared on the charge of attempted armed robbery.
A Motion for New Trial and a Motion for Post Verdict Judgment of Acquittal were filed and denied. The defendant, after the court reviewed a pre-sentence investigation report, was sentenced to serve eight (8) years in the custody of the Department of Corrections, to run consecutively with any *266 other sentence presently being served by the defendant.[1]
FACTS
On September 19, 1984, at approximately 1:00 p.m., the defendant, John Balfa, appeared at the door of the victim, Terry Devillier. Balfa was invited in. The two parties had been acquaintances for some two (2) years. It is undisputed that Balfa used the bookmaking services of Terry Devillier to place bets on sporting events.
According to the victim, Balfa produced a small pistol and some rope. Balfa told the victim to give him all of his money and to tie himself up. The victim then proceeded to his bedroom to procure the money. Somewhere in the hallway, the defendant is alleged to have stabbed Devillier in the lower back. The victim, then went to a chest of drawers in the bedroom and grabbed another pistol. A fight ensued over this pistol. The victim, during the struggle, is alleged to have discharged the pistol under his bed in an effort to empty the gun. The victim then ran out of the house with the defendant in pursuit. After a brief struggle outside, the defendant left and the victim was rushed to the hospital by a neighbor. Devillier was released after two (2) hours of treatment.
Meanwhile, the defendant had gone to the police and, predictably, had told them a somewhat different story. According to the defendant, Devillier first attacked Bal-fa for no cause; in self-defense, he had to stab Devillier (in the back).
ASSIGNMENTS OF ERROR
1. It was error for the trial court to deny the defense Motion for Continuance and Motion for Change of Venue.
2. It was error for the trial court to require the defendant to exhaust his peremptory challenges as to prospective jurors who had acquired prejudicial information about the defendant through the news media, in that the trial court denied the defendant’s challenges for cause as to these jurors.
3. The trial court erred in that the State did not prove beyond a reasonable doubt that the offense was not committed in self-defense.
4. The trial court erred in that there was insufficient evidence presented by the State to prove the case beyond a reasonable doubt or to sustain the conviction.
5. The trial court erred in that the jury’s verdict was improper in that one of the jurors indicated to the court that she was not convinced beyond a reasonable doubt as to the appropriateness of a guilty verdict, where two jurors had already indicated that guilty of aggravated battery was not their verdict.
6. The trial court erred in that the sentence imposed in this case was excessive and should be reduced by this Court if the conviction is allowed to stand.
ASSIGNMENTS OF ERROR NOS. 1 AND 2
On March 1, 1985, defendant filed a motion for continuance. At the hearing on the motion, the defendant claimed that this trial should be continued until after the completion of the defendant’s trial in Evangeline Parish for the murder of Aubrey LaHaye. He asserted that the publicity surrounding the murder charge in Evangeline Parish, in the form of newspaper articles and television coverage, prejudiced the defendant to such a degree that a fair and impartial trial could not be had in this St. Landry Parish case.
The trial judge denied the motion for a continuance. At the hearing on the motion, the trial judge stated that a continuance *267 until after the Evangeline Parish trial would not cure any ills that may have been created, but that the delay would exacerbate potential problems.
As a general rule, the trial judge has great discretion in deciding whether to grant a continuance, and his decision not to do so should not be disturbed absent arbitrary or unreasonable abuse of discretion. La.C.Cr.P. art. 712; State v. Gaskin, 412 So.2d 1007 (La.1982). The defendant must also show that he will be specifically prejudiced if the continuance is not granted. State v. Huizar, 414 So.2d 741 (La.1982). In this case, as in Huizar, the defendant failed to show that the prospective jurors were in fact prejudiced. The defendant failed to show that the jurors were not impartial. Those jurors who had seen or heard about the defendant or the Evangeline Parish case stated that they had formed no opinion and that they could determine the innocence or guilt of the defendant solely on the basis of the evidence presented at trial. Under these circumstances, the ruling of the trial court did not constitute an abuse of discretion.
Likewise, the trial judge did not err in failing to grant the defendant’s motion for a change of venue. La.C.Cr.P. art. 622 provides that a change of venue shall be granted when the applicant proves that a fair and impartial trial cannot be had in the parish where the prosecution is pending. This Court in State v. Daigle, 440 So.2d 230 (La.App.3d Cir.1983), writ denied, 444 So.2d 123 (La.1984), discussed Article 622:
“The burden of proof is on the defendant to show that there exists such prejudice in the collective mind of the community that a fair trial is impossible. State v. Watson, 423 So.2d 1130 (La.1982); State v. Vaccaro, 411 So.2d 415 (La.1982). Whether defendant has made the requisite showing is a question addressed to the trial court’s sound discretion which will not be disturbed on review in the absence of an affirmative showing of error and abuse of discretion. State v. Vaccaro, supra; State v. Adams, 394 So.2d 1204 (La.1981).”
Furthermore, in deciding whether to grant a change of venue, Article 622 directs the court to consider whether the prejudice, the influence, or the other reasons are such that they will affect the answers of jurors on the voir dire examination.
The trial judge, after a thorough voir dire, was satisfied that the jurors could try the defendant solely from the evidence adduced at trial. There was no abuse of discretion or error.
The defendant further contends that the trial judge erred in denying the defendant’s request for challenges for cause for those prospective jurors who had acquired prejudicial information about the defendant through the news media. Again, as noted above, the transcript of the voir dire reveals that the trial judge asked those jurors if they could put aside what they had heard or seen and decide the defendant’s innocence or guilt based solely on the evidence presented at trial. The trial judge was satisified that they could. Our Supreme Court in State v. David, 425 So.2d 1241, 1246 (La.1983), stated:
“The constitutional standard of fairness requires that a defendant have a panel of impartial, ‘indifferent’ jurors. Qualified jurors need not, however, be totally ignorant of the facts and issues involved. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror’s impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. At the same time, the juror’s assurances that he is equal to this task cannot be dispositive of the accused rights, and it remains open to the defendant to demonstrate the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality. Murphy v. Florida, 421 U.S. *268 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975); Irvin v. Dowd, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961).”
See also State v. Goodson, 412 So.2d 1077 (La.1982).
The defendant has failed to show that these jurors were not impartial.
Without such a showing, these assignments of error are without merit.
ASSIGNMENTS OF ERROR NOS. 3 AND 4
By these assignments of error, the defendant contends the State did not prove beyond a reasonable doubt that the offense was not commited in self defense and that there was insufficient evidence presented by the State to sustain the conviction.
In order to satisfy due process, the evidence viewed in the light most favorable to the prosectuion must be sufficient for a rational juror to conclude that the essential elements of the crime were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. State v. Fruge, 445 So.2d 1293 (La.App. 3d Cir.), writ denied, 447 So.2d 1072 (La.1984). An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. Fruge, supra.
Essentially, what we have in this ease is two conflicting direct testimonies as to what occurred at the victim’s home. The jury chose to believe the victim, an eminently reasonable choice.
The elements of aggravated battery are enumerated in LSA-R.S. 14:33 and 14:34. It is the intentional use of force or violence upon the person of another committed with a dangerous weapon.
The victim testified that the defendant stabbed him in the back with a knife. Although the defendant testified that he acted in self-defense, the jury apparently chose not to believe his, but rather the victim’s version of the incident. Viewing this evidence in a light most favorable to the prosecution, the State has met its burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. Assuming the victim’s testimony to be true, as we must on review, the evidence was sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant had intentionally stabbed the victim with a knife, that the knife was a dangerous weapon, and that the defendant had not acted in self-defense.
ASSIGNMENT OF ERROR NO. 5
The defendant, in this assignment, argues that the jury’s verdict was improper in that one of the jurors, as evidenced by her responses during polling, indicated uncertainty as to her verdict; thus, the juror allegedly showed that she was not convinced beyond a reasonable doubt as to the defendant’s guilt. Under our law, in order for a defendant to be convicted of aggravated battery by a jury, at least ten out of twelve jurors must be convinced beyond a reasonable doubt of his guilt. The jury was polled: nine (9) guilty; two (2) not guilty; and one (1), Ms. Dummavert, after contemplating a moment — guilty. This assignment is without merit. When the jury was polled, Ms. Dummavert responded as follows:
THE CLERK: Ms. Mary Nell Dumma-vert is this your verdict?
MS. DUMMAVERT: I think so.
THE COURT: You have to have a definite answer.
MS. DUMMAVERT: Yes.
It is the defendant’s contention that the hesitancy and the manner in which this juror answered questions when the jury was polled indicated she was not convinced beyond a reasonable doubt as to the defendant’s guilt.
It is clear from the record that the juror’s ultimate answer to the question of the defendant’s guilt was “yes.” There is no *269 indication that this verdict was coerced in any way by the court. Any further inquiry into the juror’s mental processes or why the juror hesitated and responded the way she did is prohibited, as jurors are incompetent to impeach their own verdict. LSA-R.S. 15:470; State v. Marchand, 362 So.2d 1090 (La.1978); State v. Charles, 377 So.2d 344 (La.1979), amended, 397 So.2d 469 (La.1980).
ASSIGNMENT OF ERROR NO. 6
In this final assignment of error, the defendant suggests that the sentence of eight years at hard labor is excessive. LSA-R.S. 14:34 provides that the maximum penalty for the crime of aggravated battery is ten years at hard labor and five thousand dollars. The defendant’s sentence of eight years is clearly within the bounds of permissible sentences; nevertheless; we are required to review it for exces-siveness. La. Const. Art. 1, sec. 20. In State v. Sepulvado, 367 So.2d 762 (La. 1979), the Supreme Court held that a sentence may be excessive even though it falls within the statutory limits. LSA-C.Cr.P. art. 894.1 provides guidelines for deciding the appropriateness of a sentence. It lists factors which the judge should consider in imposing a sentence. The intent of the statute is to require that the judge particularize the sentence for the individual felon. As a safeguard, the article requires that the judge articulate the factors that he considered in shaping the sentence. State v. Wisdom, 463 So.2d 1000 (La.App.3d Cir. 1985). If these facts are clearly stated by the judge, this court’s review is limited to whether the trial court’s discretion has been abused. State v. Cox, 369 So.2d 118 (La.1979).
Since the trial judge so carefully considered the individual position of John Bal-fa and since the considerations are so clearly articulated, we must only decide if his discretion has been abused. We conclude it has not been abused.
The judge ordered a presentence report in order to have all the necessary information. He properly considered the defendant’s past conviction for rape and current conviction for aggravated battery. Both crimes are serious and egregiously violent. The trial court, considering the defendant’s background, found that his violent criminal conduct was the result of circumstances likely to recur.
At the time of trial, the defendant was twenty-six years old, separated, and on ten years probation for a previous felony conviction. In light of the circumstances, we find that Balfa’s sentence is not excessive. State v. Guajardo, 428 So.2d 468 (La.1983); State v. Brown, 410 So.2d 1043 (La.1982).
For the reasons cited above, the conviction and sentence of John Balfa are affirmed.
AFFIRMED.

. Defendant is presently serving a sentence of ten years probation for a rape conviction in Texas.