| iBARRY, Judge.
Kevin and Warren Morris were jointly in-dieted and tried for second degree murder. Kevin was convicted of manslaughter and sentenced to twenty-one years at hard labor. Warren was convicted of second degree murder and sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Both defendants argue that denial of their motion for a severance constitutes reversible error. We affirm.[1]

Facts

Warren Newman testified that on January 19, 1992 he and Demetrious Simmons, Ken Lonzo and two others, Calvin and Jesse (last names are unknown), were at Simmons’ apartment. Kevin Morris arrived with his girlfriend Luwanna Baham. Kevin and Calvin .exchanged words in one of the bedrooms. Newman testified Kevin and Calvin returned to the living room and engaged in a fist fight in which Calvin had the upper hand. Before leaving the apartment Kevin said he would return and “spray the whole place.” Newman testified that Kevin and UBaham returned with two males, including an individual Newman later identified as Warren Morris. Kevin and Warren Morris were in the house when Kevin demanded his shotgun from Newman. Newman testified that Kevin asked Lonzo why he restrained Kevin during the fight with Calvin. Warren Morris had a 9mm gun and shot Lonzo when Lonzo turned toward the bedroom. Newman testified that Warren shot Lonzo several times, Kevin said “don’t kill him,” and Kevin and Warren left the apartment.
Simmons corroborated much of Newman’s testimony but she did not see Warren Morris because she was in the bathroom when the two returned. However Simmons heard Kevin ask Lonzo why Lonzo restrained him and she heard the shots. Simmons called the police.
Luwanna Baham witnessed Kevin and Calvin’s fight and she drove Kevin uptown to get Warren. Baham remained in the car and did not witness the shooting. Newman and Ba-ham identified Warren’s picture from a photographic lineup.
*1273 Forensic Pathologist Dr. William Newman testified that Lonzo sustained three gunshot wounds, including a fatal wound to the back which cut the aorta and entered Lonzo’s lung. Officer Donald Rodrigue testified that three 9mm casings were recovered from the scene.
Officer Michael Mims testified that he and Officer Jimmy Stewart transported Kevin Morris from his apartment to police headquarters for questioning shortly after the killing. Based upon information from witnesses the officers arrested Kevin. On the way to Central Lockup Kevin voluntarily stated that his brother Warren shot Lonzo. Officer Stewart corroborated that testimony.
l3Kevin Morris testified that he fought with Calvin over money he owed Calvin. Kevin said he and Baham went uptown to ask Warren Morris for money and Warren returned with them to the apartment. Kevin testified that when he and Warren went to the door, Newman gave Lonzo a shotgun which Lonzo pointed at Warren. Kevin said that frightened Warren, Warren shot Lonzo and they fled in panic. Kevin admitted he told police that Warren shot Lonzo.
Warren corroborated Kevin’s testimony. Warren admitted shooting Lonzo, claimed he was threatened and acted in self-defense.
Warren Morris alludes to a pre-trial motion for severance, but that motion is not in the record. Warren Morris moved for a mistrial and severance after Kevin’s testimony which was denied.

Severance

Defendants’ only assignment is that the trial court erred by denying their motion for a severance and by denying a mistrial when it became evident their defenses were antagonistic. Warren argues that he would not have testified to refute his brother’s statements. Kevin asserts he did not receive a fair trial because his brother acted alone and he has a criminal record.
La.C.Cr.P. art. 704 provides the framework for severance of co-defendants:
Jointly indicted defendants shall be tried jointly unless:
(1) The state elects to try them separately; or
(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.
Whether to grant or deny a severance is within the trial court’s sound discretion and will not be disturbed absent clear abuse. State v. Prudholm, 446 4So.2d 729, 741 (La.1984). The standard for a pre-trial severance is broader because of speculation as to what the evidence will be, whereas the standard for severance after trial commences is stricter because the judge can examine the evidence. State v. Fleming, 574 So.2d 486, 492 (La.App. 4th Cir.1991), writ den. 592 So.2d 1313 (La.1992).
Under the “antagonistic defenses” test a severance is mandated when each defendant intends to blame the other and a joint trial would require the defendants to defend against the state and each other. State v. Prudholm, 446 So.2d at 741. See La.C.Cr.P. art. 704, comment (c).
When each confession or statement involves both defendants as principals and only the extent of participation is contradictory, the defenses are not antagonistic and the degree of blame each defendant seeks to cast on the other does not warrant a severance. State v. Williams, 416 So.2d 914, 916 (La.1982); State v. Simmons, 381 So.2d 803, 806 (La.1980), cert. den. 449 U.S. 1036, 101 S.Ct. 612, 66 L.Ed.2d 498 (1980).
In State v. Simmons, supra, the jointly charged defendants were convicted of first degree murder. The Supreme Court held that although each defendant’s statement blamed the other for the shooting, the defenses were not antagonistic because each confession involved the other defendant as a principal. See also State v. Gaskin, 412 So.2d 1007, 1012 (La.1982), where the Court stated in dicta that “(j)ustice does not require *1274 a severance where only the extent of participation of each defendant is at issue.”
This case presents no basis to find antagonistic defenses. The defendants’ testimony concerning each element of the offense was corroborative. Kevin 15testified that Warren shot Lonzo in self-defense. Warren admitted that he shot Lonzo but he did not blame Kevin. The defenses are not antagonistic.
Warren Morris submits that Officer Michael Mims’ testimony concerning Kevin’s extrajudicial statement implicating Warren as the triggerman prejudiced him. However, that testimony was initially elicited by counsel for Warren Morris:
Q So you stated that Kevin gave you a statement?
A Yes.
Q And his statement was what?
A That his brother shot Ken.
Counsel cannot claim surprise because Officers Mims and Jimmy Stewart testified at pre-trial hearings as to Kevin’s extrajudicial statement.
Warren was not deprived of his right to cross-examination. In Bruton v. United States, 391 U.S. 128, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) the Supreme Court considered whether a severance was required under Rule 14, Federal Rules of Criminal Procedure, where the extrajudicial statement of a non-testifying co-defendant implicates the defendant and is admitted at a joint trial. The Court held admission of the statement violated the defendant’s constitutional right of cross-examination and reversed the conviction:
The unreliability of such evidence [incriminating evidence from an accomplice who testifies] is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross-examination. It was against such threats to a fair trial that the Confrontation Clause was directed.... Here the introduction of (the co-defendant’s) confession posed a substantial threat to petitioner’s right to confront the witnesses against him, and this is a hazard we cannot ignore. Despite the concededly clear instructions to the jury to disregard (the co-defendant’s) inadmissible hearsay evidence inculpating petitioner, in the context of a joint trial we cannot accept limiting instructions as an | (¡adequate substitute for petitioner’s constitutional right of cross-examination.
Bruton, 391 U.S. at 137, 88 S.Ct. at 1628.
This case is distinguishable from Bruton because Kevin testified subject to cross-examination and because Warren admitted to the shooting.
Assuming, arguendo, the defenses are antagonistic, there was no prejudice and admission of Kevin’s testimony does not warrant a reversal. After trial has concluded, an abuse of discretion will not be found unless the defendant probably would not have been convicted had he been allowed a separate trial. State v. McGraw, 366 So.2d 1278, 1285 (La.1978), reh. granted on other grounds and original opinion reinstated, 366 So.2d 1289 (La.1979).
In McGraw the defendants McGraw and Manchester were jointly indicted and tried for first degree murder. McGraw was convicted as charged and Manchester was convicted of second degree murder. Manchester’s trial testimony cast sole responsibility on McGraw. The Supreme Court held that the defenses were antagonistic but reversal was not mandated because there was no prejudice:
From a reading of the record it becomes apparent that there was substantial competent evidence of McGraw’s guilt. McGraw’s conviction should have been a certainty, independent of Ms. Manchester’s testimony and her counsel’s closing argument. Therefore, we conclude that McGraw’s substantial rights were not impaired by the denial of his motion to sever and mistrial and that he was not denied a fair trial_ (T)he evidence amply supports the verdict apart from Ms. Manchester’s testimony-
State v. McGraw, 366 So.2d at 1285.
Warren Newman and Demetrious Simmons testified that after the fight between *1275 Kevin and Calvin, Kevin left the apartment and announced he would return and “spray the whole place.” Newman testified Kevin returned with |7Warren Morris and demanded the shotgun from Newman. Newman said Warren Morris shot Lonzo several times with a 9mm gun as Lonzo walked toward the bedroom and that Kevin said “don’t kill him.” Three 9mm casings were recovered from the scene. The forensic pathologist testified that Lonzo received a fatal wound in his back. Newman identified Warren Morris in a photographic lineup and at trial. Testimony of several witnesses placed Warren Morris at the scene. Moreover, Warren Morris admitted that he shot Lonzo, although he claimed self-defense.
The evidence against each defendant is overwhelming and denial of Warren Morris’ motion was not reversible error.

Sentences

Our review of the record reveals an error patent. The trial court sentenced both defendants immediately after denying their motions for new trial and the transcript does not show either defendant waived the twenty-four hour delay for imposition of sentence after the denial of a motion for new trial. La.C.Cr.P. art. 873.
Failure to observe the delay is harmless error if the defendant does not challenge his sentence on appeal and does not raise the failure to observe the delay as error. State v. Collins, 584 So.2d 356, 359 (La.App. 4th Cir.1991). Defendants do not complain of the sentences or raise the failure to observe the delay as error. There are no other errors patent.
Although counsel for Kevin Morris adopts the arguments asserted by Warren Morris, counsel asks for an error patent review. Counsel states she made a conscientious and thorough review of the record and found no issues for appeal and she moves to withdraw. Counsel reviewed all transcripts and found no ruling |8which arguably supports an appeal. The record was sent to Kevin Morris and this Court informed him of his right to file a brief, which he has not done.
All pleadings, minute entries, and transcripts have been reviewed. Defendant was properly charged by grand jury indictment with second degree murder and the indictment was properly signed. He was present and represented by counsel at hearings, trial and sentencing. The verdict of guilty of manslaughter was responsive to the crime charged, and a review of the record shows that the State proved every element of the offense beyond a reasonable doubt. Defendant’s sentence of twenty-one years at hard labor is legal in every respect; and, except as noted above, there are no errors patent.
The convictions and sentences are affirmed. We grant the motion to withdraw filed by counsel for Kevin Morris.

AFFIRMED; MOTION TO WITHDRAW GRANTED

. Warren Morris was also charged with attempted second degree murder of Rodney St. Cyr. The state entered a nolle prosequi on that charge.