412 So.2d 1388 (1982)
STATE of Louisiana
v.
Emerson WALTERS.
No. 81-KA-2225.
Supreme Court of Louisiana.
April 16, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James L. Davis, Dist. Atty., Abbott J. Reeves, Herman Lawson, Asst. Dist. Attys., for plaintiff-appellee.
*1389 Claude R. Sledge of Office Of The Public Defender, Mansfield, for defendant-appellant.
PER CURIAM.
On April 30, 1981 defendant Emerson Walters was charged by bill of information with attempted forgery, in violation of La. R.S. 14:72 and 14:27. The basis of the charge was an attempt by Walters to acquire funds from the savings account of another by tendering to a bank teller a withdrawal slip upon which he had forged the account holder's name. At his arraignment on April 30th, 1981, Walters entered a plea of guilty and was subsequently sentenced by the trial court on June 24th, 1981 to serve three years at hard labor. Walters has appealed his sentence, contending that it is excessive in violation of La.Const. Art. 1, § 20 (1974). While reserving judgment upon the merit of Walters' excessiveness claim, we find that the trial court failed to comply properly with the mandate of C.Cr.P. Art. 894.1. Accordingly, we vacate defendant's sentence and remand for resentencing.
While the record reveals that the trial court took notice of the sentencing considerations of C.Cr.P. Art. 894.1, little appears beyond a brief recitation of statutory language and references to Walters' juvenile record and his "fairly unstable employment history." Walters' pre-sentence investigation report does not reveal the nature or extent of defendant's juvenile record. Moreover, the trial court found without explanation that no mitigating factors or considerations existed in Walters' case.
The cursory recitation of statutory language unsupported by a factual basis in the record is no substitute for a reasoned and thoughtful statement by the trial court explaining the imposition of a particular defendant's sentence. State v. Sepulvado, 367 So.2d 762 (La.1979). Furthermore, in the instant case, the record itself fails to reveal adequate support independent of the trial court's Art. 894.1 considerations as to "illumine the trial court's sentencing choice." State v. Green, 409 So.2d 563 (La.1982); State v. Martin, 400 So.2d 1063 (La.1981); State v. Williams, 397 So.2d 1287 (La.1981).
Because the trial court has failed to provide an adequate record of its sentencing considerations and the factual basis therefor and because the sentence may be excessive as applied to the particular defendant and this particular crime, we vacate the sentence imposed and remand for resentencing in accordance with the law.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.
LEMMON, Justice, concurring.
The trial judge apparently accepted the assertion in the pre-sentence investigation report that defendant had an extensive juvenile record, but the juvenile record is not in the record in this case, and the trial judge did not indicate the nature or extent of the defendant's juvenile record.