YELVERTON, Judge.
Defendant pleaded guilty to two counts of issuing worthless checks in violation of LSA-R.S. 14:71. The amounts of the checks involved in each of the two counts placed the violation within the penalty range of LSA-R.S. 14:71(D) providing for a maximum of two years imprisonment or a fine of $2,000, or both. The guilty pleas were entered on September 16, 1982. A presentence report was ordered. The minutes of court reflect defendant was ordered to appear on December 1,1982, for sentencing, but he failed to appear and a bench warrant was issued. The minutes of court show that defendant appeared for sentencing on May 12, 1983. On that date the minutes recite that he was sentenced to the custody of the Department of Corrections “for a period of two (2) years. The sentence shall run consecutively.”
The minutes of court for that date also reflect that a motion for an appeal was then granted, following which there is the notation: “Written reasons to be filed later.” No reasons for sentence appear in the record nor is there any other evidence in the record to illumine the sentence.
Defendant’s appeal is based on non-compliance with La.C.Cr.P. art. 894.1 and an excessive punishment. We note immediately that whether the sentence was “apparently severe” as being the maximum (two years) cannot be determined from the record, for we are unable to determine from the minutes whether four years was im *831 posed (two years on each count to run consecutively), or a total of two years for both counts (the inference being possible that one year was imposed on each count, the sentences to run consecutively). The State in its brief acknowledges that it is not clear from the record whether the sentence was four years or two years. Not knowing what the sentence was, we are unable to review the merits of the excessiveness claim, because a different standard of review applies dependent on whether the sentence was apparently severe or not apparently severe.
In any event, the record contains nothing to indicate compliance with the sentencing considerations of C.Cr.P. art. 894.1. We would be unable to review this sentence even if we knew what it was. The record itself contains no evidence to illumine any sentence. We must vacate the sentence and remand for resentencing in accordance with the law. State v. Walters, 412 So.2d 1388 (La.1982).
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.
DOMENGEAUX, J., concurs and assigns brief reasons.