585 So.2d 619 (1991)
STATE of Louisiana, Appellee,
v.
Benny Charles HAYES, Appellant.
No. 22,674-KA.
Court of Appeal of Louisiana, Second Circuit.
August 21, 1991.
*620 James Calhoun, Winnfield, for appellant.
Terry A. Reeves, Dist. Atty., Winnfield, for appellee.
Before SEXTON, NORRIS and BROWN, JJ.
BROWN, Judge.
Defendant, Benny C. Hayes, was charged through a Grand Jury indictment with the second degree murder of his wife which occurred in May 1983. Pursuant to a plea agreement, defendant pled guilty in October 1983 to attempted second degree murder and was sentenced in accordance with the agreement to 36 years at hard labor. On April 16, 1990, the trial court granted defendant's application for post-conviction relief and set aside his guilty plea. Prior to defendant's trial date he tendered another plea of guilty to attempted second degree murder but the trial court declined to accept the plea. Defendant proceeded to trial where a jury unanimously found him guilty of second degree murder and he was eventually sentenced to life imprisonment.
From this conviction, defendant has appealed asserting four assignments of error concerning the admissibility of (1) testimony of defendant's emotion or lack of it upon discovering his wife's body; (2) photographs of the victim; (3) defendant's statements to investigators; and (4) the coroner's autopsy report. Defendant asserts two additional assignments relating to (5) the trial court's failure to accept his tendered guilty plea; and (6) the legal sufficiency of the evidence to convict.
Considering these assignments of error to be without merit, the conviction and sentence are affirmed.
In 1983, during a fight with his wife, defendant grabbed her in a wrestler's hold and choked her until she was unconscious. He undressed her, put her in the bathtub and dunked her head under water. He left her in the tub and walked up the road to visit a friend who took him into town to grocery shop. When they returned to defendant's house, he stated to the friend that something was wrong and entered the house discovering the body. After the sheriff's department was notified, the investigation quickly focused on defendant and he confessed. The coroner determined that the victim died of drowning. The coroner further testified that the victim had broken teeth, a broken nose and had been forcibly drowned.
*621 Defendant's first assignment of error is that the trial court incorrectly allowed the District Attorney to question James Street regarding defendant's emotional state at the time of the alleged crime.
James Street testified that defendant came to his house and asked for a ride to go shopping. They stopped in town for groceries and beer. Street testified defendant appeared normal and was not upset or emotional. The two men returned to defendant's home. As Street was preparing to leave, defendant said, "Hold up. Something ain't right." Street went into the home and saw the victim lying in the tub. He testified that defendant did not cry and showed no signs of emotion.
On cross-examination, Street admitted that defendant was hollering "Something is wrong", and that this was emotional for defendant. On redirect, Street stated defendant never expressed grief over his wife's death. The District Attorney then asked if defendant broke into tears. Defense counsel objected that the question had been asked and answered. The trial court overruled the objection. Street answered that defendant showed little emotion or concern and did not cry.
Defendant points to no authority to support his contention that this line of questioning was improper. Street testified on direct examination of his observations which were relevant to the issue of defendant's intent to create an impression that he had no knowledge of his wife's death. Street's testimony was proper as to what defendant did and said. It was the defense, in its cross-examination, that solicited the opinion from Street and therefore, it was proper for the prosecutor to pursue this questioning on redirect.
Additionally, other witnesses testified that defendant was not one to display his emotions. The totality of the testimony shows that neither Street nor the other witnesses drew any adverse conclusion from defendant's demeanor and, in context, there was no prejudicial effect. When a witness gives an opinion of a defendant's emotional state, the propriety of the testimony must be examined in the context of the statement and the testimony as a whole. State v. Williams, 497 So.2d 333 (La.App.2d Cir.1986). This assignment has no merit.
Defendant's second assignment of error is that the trial court should not have allowed the introduction into evidence of photographs S-5 through S-10. The record indicates that Street testified to finding the victim's nude body lying in the bathtub and identified each photograph as accurately depicting his observations. The defense objected to the admissibility of the photographs on the basis of lack of foundation both as to the scene and the writing on the back. The trial judge admitted the photographs but sustained the defense objection as to the writings on the back of each exhibit.
A later witness, former Deputy Sheriff Jamie Maxwell, testified that the writings were made by him and identified the photographs. Defense counsel did not object and the writings were then admitted into evidence.
Defendant contends in brief that there was no evidentiary reason for the introduction of the photographs. Counsel has not briefed nor argued the foundation objection raised at trial, and that objection is abandoned. URCA Rule 2-12.4; State v. Kotwitz, 549 So.2d 351 (La.App. 2nd Cir. 1989). Further, the irregularity or error complained of here was not objected to at the time of occurrence and cannot be first raised on appeal. See LSA-C.Cr.P. Art. 841 and State v. O'Neal, 501 So.2d 920 (La.App.2d Cir. 1987); however, a foundation was laid by Street's testimony. The photographs were relevant. They were not gruesome and their probative value outweighed any prejudicial effect resulting from the emotional impact of viewing the victim. State v. Gaskin, 412 So.2d 1007 (La. 1982). This assignment has no merit.
By his third assignment, defendant claims the trial court erred in allowing into evidence the transcription of defendant's statement to the police. Defendant argues that the original tape recording of the *622 statement was the "best evidence" and that no foundation was presented as the secretary who transcribed the tape did not testify.
The "best evidence" rule is to be applied sensibly and with reason. State v. Dilworth, 358 So.2d 1254 (La.1978); and State v. Cody, 446 So.2d 1278 (La.App.2d Cir.1984). Absent a showing of prejudice to defendant, a conviction will not be reversed on the ground that the best evidence was not produced. State v. Moore, 419 So.2d 963 (La.1982); State v. Gaskin, 412 So.2d 1007 (La.1982); and State v. Coleman, 486 So.2d 995 (La.App.2d Cir. 1986). The "best evidence" rule does not mandate production of an original taped statement when testimony shows that the original is not available and there is no bad faith by the state. State v. McDonald, 387 So.2d 1116 (La.1980), cert. denied, 449 U.S. 957, 101 S.Ct. 366, 66 L.Ed.2d 222 (1980).
The trial occurred approximately 7 years after the defendant's statement. Former Deputy Sheriff Gregg Davies testified that he interviewed defendant on May 28, 1983, the date of the victim's death and made a taped recording of the interview. He further testified that he caused a transcription of the tape to be made, compared the transcript to the tape and initialed each page of the transcript. Defendant was then allowed to read each page. Defendant initialed each page and signed at the end of the statement. Davis testified that he turned over the contents of his locker to Deputy Sherman Ford when he left the Sheriff's Department and that the tape had apparently been destroyed.
Defendant does not show or suggest bad faith or prejudice. Indeed, defendant testified that the transcript was accurate. Under these circumstances, a proper foundation was presented for the admissibility of the transcript. This assignment has no merit.
The fourth assignment by defendant is that the trial court erred in allowing the autopsy report into evidence without first hearing the testimony of the physician who actually performed the autopsy.
A coroner's report and procés verbal of an autopsy report is competent evidence of death and the cause of death. LSA-C.Cr.P. Art. 105; State v. Winzer, 354 So.2d 533 (La.1978); and State v. Trahan, 543 So.2d 984 (La.App.3d Cir.1989). When a trial judge admits a coroner's report without the testimony of the coroner as to authenticity and the report is cumulative as to death and cause of death, there is no substantial violation of a statutory or constitutional right. State v. Vincent, 338 So.2d 1376 (La.1976).
Dr. Randolph Williams, the Winn Parish Coroner, testified as an expert that he examined the body of the victim and determined the cause of death to be drowning. He further testified that, in his opinion, the drowning was forcible and stated his reasons for this conclusion. The autopsy report was introduced. Defense counsel objected and was overruled. Dr. Williams then testified that he ordered Deputy Coroner Frank Chin to perform the autopsy and identified the report as the report he had received.
The autopsy report was offered solely to prove death and the cause of death. It merely repeated the coroner's previous live testimony and was authenticated by him. This assignment has no merit.
In defendant's assignment of error number five, he claims "actual vindictiveness on the part of the judge" for rejecting his tender of a guilty plea to attempted second degree murder. The record contains nothing to support this contention. In brief defendant offers nothing of substance in support of this allegation. This assignment is without merit.
Finally, defendant claims that the evidence is insufficient to support a conviction of second degree murder. Our review is guided by the principles in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We must view the evidence in a light most favorable to the prosecution to decide if it is sufficient for a rational fact finder to conclude that the essential elements of the crime are *623 proven beyond a reasonable doubt. Jackson, supra.
Defendant's confession combined with the testimony of witnesses concerning his actions following the crime are more than sufficient to support the conviction. Additionally, the testimony of the coroner left little doubt as to the defendant's guilt.
Finding no merit to defendant's assignments of error, his conviction is AFFIRMED.