707 So.2d 1000 (1997)
STATE of LOUISIANA, Appellee,
v.
Marvin ADGER, Appellant.
No. 30215-KA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1997.
*1001 John Michael Lawrence, Shreveport and Charles A. Smith, Minden, for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Bobby L. Stromile, Assistant District Attorney, for Appellee.
Before NORRIS, BROWN and WILLIAMS, JJ.
NORRIS, Judge.
Marvin Adger was charged by bills of information with armed robbery and attempted armed robbery (Information No. 81,146) and aggravated battery (No. 81,147) arising out of a single incident. Pursuant to plea agreement, Adger pled guilty to two counts of attempted armed robbery; the State dropped the aggravated battery charge and recommended that the sentences be concurrent. The District Court imposed concurrent 25-year sentences at hard labor without benefit of parole, probation or suspension of sentence. Adger now appeals his sentence as excessive. We affirm.
In February 1996 the victims, Leonard Blalock and Janet Chapman, drove to an area of Bossier City to buy drugs. Blalock told Adger he wanted to make a purchase, and gave him $40; Adger, however, said he wanted all of Blalock's money. Blalock refused, and got in his car to drive away. Adger then shot into the car, wounding Ms. Chapman in the right side. At the Boykin hearing, Adger admitted he had attempted to rob both victims.
The test of excessiveness is two-pronged. First the record must show that the District Court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. The court is not required to list every aggravating or mitigating circumstance, as long as the record shows an adequate consideration of the guidelines. State v. Smith, 433 So.2d 688 (La.1983). The objective of article 894.1 is the articulation of a factual basis for sentence, and not rote recitation of the guidelines. When the record clearly shows an adequate factual basis for sentence, remand is not necessary even though the court has not fully complied with the article. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.), writ denied 521 So.2d 1143 (1988). When the court's factual statement is minimal, and the record does not otherwise illumine the sentencing choice, remand is required. State v. Walters, 412 So.2d 1388 (La.1982); State v. McGhee, 469 So.2d 1051 (La.App. 2d Cir.1985).
The second prong is constitutional excessiveness. A sentence violates La. Const. Art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is deemed grossly disproportionate if, when the crime and punishment are weighed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Davis, 28,662 (La.App. 2d Cir. 9/25/96), 680 So.2d 1296.
The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C.Cr.P. art. 881.2 A(2). At the instant Boykin hearing there was no agreement as to sentence, except for the court's representation that sentences would be concurrent. At sentencing, defense counsel (mistakenly referred to in the transcript as "The Court") referred to a conference in chambers whereby Adger would receive concurrent 25-year *1002 sentences. R.p. 104. This is obviously not a plea agreement made at the time of the plea and with terms set forth contemporaneously in the record. The sentence is therefore reviewable.
At sentencing, the District Court referred to an in-chambers plea agreement of concurrent 25-year hard labor sentences, and commented that if Adger did not accept the agreement, the court would impose 40-year sentences. Adger stated that he would accept the agreement, and the court imposed the 25-year sentences without providing any factual basis.
Later that day Adger returned to court with counsel and moved to vacate the sentence on grounds that counsel had given him some erroneous information. R.p. 106. The court "rescinded" its prior sentence and outlined a factual basis for re-sentencing. The court noted that Adger was 18 years old; this incident started as a drug deal; based on the facts, Adger could have been charged with attempted murder; while in jail, Adger phoned Ms. Chapman and asked her not to appear in court, so charges would be dropped ("a real negative factor"); two prior misdemeanors; and the incident involved "serious offenses." R.p. 107. Adger admitted that he had phoned the victim, but insisted it was only to apologize; the court stated it would accept Adger's account of the incident, although it was contrary to the PSI. Adger also denied he had been charged with armed robbery, although the original bill of information, filed in December 1996, did in fact so charge him; the court reiterated that on the facts presented, a charge of attempted murder would have been warranted. The court finally noted that the victims may have facilitated the offense by "looking for drugs," but it was nevertheless an extremely serious incident of attempted armed robbery. The court re-imposed sentence of two concurrent 25-year terms at hard labor without benefit of parole, probation or suspension of sentence.
This colloquy discloses a full understanding of the facts of the offense and adequate statement of a factual basis for sentence. Adger's contention that the court failed to comply with art. 894.1 lacks merit; although the court's compliance with the article was minimal, the record illumines the sentencing choice.
We have also considered the constitutional aspects of the sentence for this youthful, first-felony offender. While the sentence is heavy, it answers to a serious crime, attempted armed robbery, with implications of drug dealing and attempted homicide. Under the circumstances, the concurrent 25-year hard labor terms without benefit does not shock our sense of justice. State v. Hogan, supra; State v. Bonanno, supra.
We have reviewed the entire record and find nothing we consider to be error patent. La.C.Cr.P. art. 920(2). Marvin Adger's conviction and sentence are therefore affirmed.
AFFIRMED.