754 So.2d 418 (2000)
STATE of Louisiana, Appellee,
v.
Alphonso Bernard WILLIAMS, Appellant.
No. 32,993-KA.
Court of Appeal of Louisiana, Second Circuit.
March 1, 2000.
*420 Gwendolyn K. Brown, Baton Rouge, Diane L. Foster, New Orleans, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Tommy J. Johnson, Brian L. King, Assistant District Attorneys, Counsel for Appellee.
Before WILLIAMS, STEWART and GASKINS, JJ.
WILLIAMS, Judge.
The defendant, Alphonso Williams, was charged by an amended bill of information with unauthorized entry of an inhabited *421 dwelling, a violation of LSA-R.S. 14:62.3.[1] After a jury trial, the defendant was found guilty as charged. The defendant's motions for a new trial and post-verdict judgment of acquittal were denied. The trial court sentenced the defendant to serve five years at hard labor and ordered him to pay $750.00 in addition to court costs or, in default thereof, to serve six additional months in the parish jail. The trial court also ordered the defendant to pay $300.00 to the Caddo Parish Indigent Defender Office or, in default thereof, to serve six additional months in the parish jail. The defendant's motion to reconsider sentence was denied. The defendant appeals urging three assignments of error. For the following reasons, we affirm the defendant's conviction and sentence, but remand to the trial court for a determination of the defendant's indigency in reference to the default time imposed, in lieu of payment of the fine and costs.

FACTS
The defendant, Alphonso Williams, and the victim, Andrea Mitchell, began dating in May or June 1996. On August 25, 1996, shortly after 12:00 a.m., the defendant arrived at Mitchell's residence, the Pier Apartments, located at 3601 Dee Street in Shreveport, Louisiana. Mitchell testified that she and the defendant argued prior to his arrival and she informed him that she did not want to talk to him or to see him. Mitchell also testified that, when the defendant arrived at her apartment, she did not respond to his kicking and knocking at her door. The defendant kicked the door in and entered the apartment, and an argument ensued. Mitchell testified that she attempted to leave the apartment; however, the defendant physically restrained her. Eventually, Mitchell managed to escape. She telephoned her friend, Latonya McCullough, and asked for assistance. Shortly thereafter, McCullough and her boyfriend, Rodney Seamster, arrived at Mitchell's apartment. After an unsuccessful attempt to resolve the altercation, McCullough and Seamster left the apartment and went to a nearby public telephone to summon the police. While McCullough was on the telephone with the 911 operator, she saw the defendant and Mitchell pass in the defendant's vehicle traveling towards Bossier City, Louisiana. The 911 operator contacted the Bossier City Police Department.
When the defendant and Mitchell arrived at the defendant's apartment, they were met by Bossier City Police Officers. The defendant was charged by an amended bill of information with unauthorized entry of an inhabited dwelling. After a jury trial, the defendant was found guilty as charged and sentenced to serve five years at hard labor. In addition to his sentence of imprisonment, the trial court ordered the defendant to pay $750.00 in addition to court costs or, in default thereof, to serve six additional months in the parish jail. The trial court also ordered the defendant to pay $300.00 to the Caddo Parish Indigent Defender Office or, in default thereof, to serve six additional months in the parish jail. The defendant appeals urging three assignments of error.

DISCUSSION

Assignment of Error No. 1
By his first assignment of error, the defendant asserts that he was denied the effective assistance of counsel during trial. The defendant alleges that his trial attorney failed to move for a mistrial, request an admonition, or object to: (1) the prosecutor's repeated discussion of other crimes allegedly committed by the defendant; (2) Sergeant Johnny Coffey's testimony regarding his recollection of statements made by the defendant during a taped *422 interview; and (3) the state's introduction into evidence of a letter that the defendant had written to the victim while he was incarcerated.
As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief in the trial court rather than by appeal. This is because post-conviction relief creates the opportunity for a full evidentiary hearing pursuant to LSA-C.Cr.P. art. 930. State ex rel. Bailey v. City of West Monroe, 418 So.2d 570 (La.1982); State v. Green, 27,652 (La. App.2d Cir.1/24/96), 666 So.2d 1302. However, if the record fully discloses the evidence necessary to decide the issue, it may be considered on direct appeal in the interest of judicial economy. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Smith, 25,841 (La.App.2d Cir.2/23/94), 632 So.2d 887; State v. Willars, 27,394 (La.App.2d Cir.9/27/95), 661 So.2d 673.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the United States Constitution. State v. Wry, 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under a two-prong test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
To establish that his counsel's assistance was so defective as to require reversal of the conviction, the defendant must demonstrate that the deficient performance prejudiced him to such an extent that he was deprived of a fair trial. State v. Wry, supra. This requires a showing that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
The relevant inquiry is whether counsel's representation fell below the standard of reasonableness and competency as required by prevailing professional standards demanded for attorneys in criminal cases. Strickland v. Washington, supra; State v. Moore, 575 So.2d 928 (La.App. 2d Cir.1991). The assessment of an attorney's performance requires his conduct to be evaluated from counsel's perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel's judgment, tactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment. State v. Moore, supra.
Second, the defendant must show that counsel's deficient performance prejudiced his defense. This element requires a showing that the errors were so serious as to deprive the defendant of a fair trial, i.e., a trial where the result is reliable. Strickland v. Washington, supra. The defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error has some conceivable effect on the outcome of the proceedings. Rather, he must show that but for counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. Strickland v. Washington, supra; State v. Pratt, 26,862 (La.App.2d Cir.4/5/95), 653 So.2d 174, writ denied, 95-1398 (La.11/3/95), 662 So.2d 9.
The defendant claims that he was denied effective assistance of counsel during trial because his attorney failed to move for a mistrial, request an admonition, or object to the prosecutor's repeated discussion of other crimes allegedly committed by the defendant.
The record reflects that during re-direct examination, the defendant's attorney questioned him regarding his reasons for writing a letter to the victim when he was incarcerated. The defendant responded that he wrote the letter out of anger and despair after realizing that "the maximum time on all those charges was like sixty-three years."
*423 On re-cross examination, the prosecutor responded to the defendant's reference to "facing sixty-three years in prison" by asking, "Unauthorized entry of an inhabited dwelling does not carry sixty-three years, right?" Rather than simply responding "no," the defendant chose to expand on the issue by detailing the other offenses with which he was initially charged, and explaining how he computed the sixty-three year sentence based on these charges.
The defendant also complains that his trial counsel failed to object to the state's line of questioning concerning a knee injury sustained by the victim. Contrary to the defendant's claim, neither the issue of the other crimes allegedly committed by the defendant nor the victim's knee injury was initially raised by the prosecutor. This line of questioning was initiated by the defendant during examination by his counsel. The prosecutor merely asked questions regarding issues that had been raised by the defendant. The defendant "opened the door" to this line of questioning and cannot now complain that the state questioned him concerning these matters. See, State v. Spencer, 96-248 (La.App. 3d Cir.11/6/96), 683 So.2d 1326, writ denied, 96-2938 (La.5/9/97), 693 So.2d 773; State v. Diaz, 93-1309 (La.App. 3d Cir.4/6/94), 635 So.2d 499, writ denied, 94-1189 (La.9/16/94), 642 So.2d 191. Thus, the defendant has failed to establish that his trial counsel erred or that her performance was deficient.
The defendant also alleges that his trial counsel was ineffective because she failed to object when Sergeant Johnny Coffey offered testimony concerning a tape-recorded statement that he had taken from the defendant. He also challenges his trial counsel's decision to not cross-examine Sergeant Coffey. The defendant argues that Sergeant Coffey put his own "spin" on those statements.
The record reflects that the tape was of poor quality and inaudible. As a result, Sergeant Coffey was allowed to testify regarding his knowledge of the information on the tape. Case law supports the proposition that a witness can testify in situations where the tape-recorded statement is inaudible. See, State v. Gaskin, 412 So.2d 1007 (La.1982). State v. Johnson, 30,078 (La.App.2d Cir. 12/10/97), 704 So.2d 1269, writ denied, 98-0382 (La.6/26/98), 719 So.2d 1054; State v. Hayes, 585 So.2d 619 (La.App. 2d Cir.1991).
The defendant failed to establish that the testimony offered by Sergeant Coffey varied in any way from the information on the tape. Furthermore, the defendant fails to offer any insight as to how Sergeant Coffey could have been successfully cross-examined. The decision to cross-examine a witness is clearly a tactical decision. The defendant failed to establish that his trial counsel's decision not to cross-examine Sergeant Coffey was unreasonable. If an alleged error results from a reasonable strategic decision, it does not establish ineffective assistance of counsel. State v. Brooks, 94-2438 (La.10/16/95), 661 So.2d 1333.
The defendant argues that his trial counsel was ineffective because she failed to object, request admonition, or move for a mistrial when the prosecutor questioned the defendant concerning a letter that he sent to the victim while he was incarcerated. However, the record reflects that the defendant's trial counsel raised an objection to the admissibility of the letter at a bench conference and again during the trial; these objections were overruled. The defendant has failed to establish that his trial counsel's strategic decisions were deficient or that the prosecutor's cross-examination concerning the letter prejudiced his defense.
This assignment of error is without merit.

Assignments of Error Nos. 2 & 3
By these assignments of error, the defendant contends that his sentence, which is one year less than the maximum sentence, is excessive, and the trial court *424 failed to comply with LSA-C.Cr.P. art. 894.1. He also argues that the trial court erred by imposing a sentence which contained default time.
In reviewing claims of excessiveness, an appellate court uses a two-prong analysis. First, the record must reflect that the district court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The court is not required to list every aggravating or mitigating circumstance, as long as the record shows an adequate consideration of the sentencing guidelines. State v. Smith, 433 So.2d 688 (La.1983); State v. Adger, 30,215 (La.App.2d Cir.12/10/97), 707 So.2d 1000. The objective of Article 894.1 is the articulation of a factual basis for the sentence rather than a mere recitation of the guidelines. When the record shows an adequate factual basis for the sentence, remand is not necessary. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Adger, supra. The important elements which should be considered are the defendant's personal history, (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988) writ denied, 521 So.2d 1143 (1988).
The second prong is constitutional excessiveness. A sentence violates La. Const. art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La. 1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is deemed grossly disproportionate if, when the crime and punishment are weighed in the light of harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
A trial court has wide discretion to sentence within the statutory limits, and such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Lindsey, 28,016 (La. App.2d Cir.4/3/96), 671 So.2d 1155. A trial court is not required to render a suspended sentence or probation when sentencing a first felony offender. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. Woodman, 28,004 (La. App.2d Cir.1/24/96), 666 So.2d 1255; State v. Tully, 430 So.2d 124 (La.App. 2d Cir.), writ denied, 435 So.2d 438 (1983).
In sentencing the defendant, the trial court considered the "facts and circumstances" of the present case and the seriousness of the offense. It concluded that the defendant was in need of correctional treatment. The trial court also noted that a lesser sentence would deprecate the seriousness of the offense. The length of the sentence imposed does not shock our sense of justice, and therefore, is not constitutionally excessive.
We note that the defendant's sentence contained default time in the event he failed to pay the fines and court costs imposed by the trial court. The record reflects that the defendant was represented at trial and on appeal by court appointed counsel. Nevertheless, it is necessary for the trial court to determine the defendant's ability to pay, prior to imposing jail time in default of the payment of the fine and costs of court. State v. Collins, 32,409 (La.App.2d Cir.9/22/99), ___ So.2d ___, 1999 WL 735863.
Therefore, we remand the case to the trial court for a hearing to determine the defendant's ability to pay the fines and costs imposed.
We have reviewed the record for error patent and found none.

*425 DECREE
For the foregoing reasons, the defendant's conviction and sentence are affirmed. However, the case is remanded to the trial court for a determination of the defendant's indigency in reference to the default time imposed, in lieu of the payment of the fine and costs.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED FOR A DETERMINATION OF INDIGENCY.
NOTES
[1] The defendant was initially charged with unauthorized entry of an inhabited dwelling, second degree kidnapping, a violation of LSA-R.S. 14:44.1, false imprisonment with a weapon, a violation of LSA-R.S. 14:46.1, and second degree battery, a violation of LSA-R.S. 14:34.