J^DREW, J.
Wesley Trenard Robertson, age 19, was convicted after jury trial of First Degree Robbery (La. R.S. 14:64.1) and two counts of Attempted Armed Robbery (La. R.S. 14:27 and 14:64), for crimes which occurred during a 24-day crime spree running from mid-December, 1999 to mid-January, 2000. The trial court sentenced the defendant to 10, 20, and 10-year consecutive terms, respectively, without benefit of parole, probation, or suspension of sentence. No motion to reconsider sentence was filed. The sole issue is whether these sentences were excessive. The sentences are affirmed.
If a defendant fails to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, then the state or the defendant is precluded from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. La. C. Cr. P. art. 881.1. The defendant here is relegated only to a claim of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993); State v. Duncan, 30,453 (La.App.2d Cir.2/25/98), 707 So.2d 164. Constitutional review turns upon whether the sentence is illegal, grossly disproportionate to the severity of the offense or shocking to the sense of justice. State v. Lobato, 603 So.2d 739 (La.1992). These sentences are not.
La. R.S. 14:64. Armed robbery
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
|aB. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence.
64.1. First degree robbery
A. First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.
B. Whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence.
27. D. (3) Attempt (excerpted)
In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
The defendant was convicted based on the following factual showing, which was developed at trial, and adequately adverted to by the trial court during sentencing. The first incident was the December 17, 1999 robbery of a young employee of Griffs Burger Barn, during which the teenaged manager of the business was forced to hand over money at gunpoint by two men. The second incident occurred on January 10, 2000, when Walshea Mitchell and the defendant entered GQ Fashions in Ruston, Louisiana. Mitchell grabbed the owner, Ohannes Kitishian, demanded money, and fired a shot in close proximity to Kitishian’s head. Mitchell then fired the *770 gun a second time. A customer, realizing that a robbery was in progress, used a cell phone to call police and the defendant and Mitchell were arrested. Count 3 occurred December 29, 1999 when two men brandishing|4a pellet gun and demanding money entered the Day and Night Texaco in Ru-ston. The employee recognized that the gun was not a normal firearm and refused to give up any money. The defendant confessed to all three crimes.
The record before us shows three robbery-related offenses in a time span of less than a month. The defendant could have received a total of 139 years, broken down as 40 years, 49.5 years, and 49.5 years. A combined sentence totaling 40 years without benefit of parole, probation, or suspension of sentence is not constitutionally excessive for these offenses.
As this court said recently in an armed robbery case involving a young man who was 22 at the time of sentencing:
The defendant’s sentence of 20 years is at the lower end of the statutory sentencing range and is not so shocking or disproportionate to the offense committed as to be unconstitutionally excessive. In other cases, this court has affirmed comparable sentences for defendants whose crimes and particular circumstances are not dissimilar to the instant case. See State v. Adger, 30,215 (La. App. 2nd Cir.12/10/97), 707 So.2d 1000 (defendant, age 18, first-felony offender convicted on two counts of attempted armed robbery, concurrent 25-year sentences at hard labor affirmed); State v. Franklin, 30,644 (La.App. 2nd Cir.5/13/98), 714 So.2d 162 (defendant, age 16, committed armed robbery, prior criminal history as juvenile offender, 30-year sentence at hard labor affirmed); State v. Maxie, 30,877 (La.App. 2nd Cir.8/19/98), 719 So.2d 104 (first time felony offender with extensive juvenile record convicted of attempted second degree murder and armed robbery, 15 years at hard labor on armed robbery conviction affirmed). Under the circumstances of this case, we find that the trial court neither erred nor abused its discretion in sentencing this defendant.
State v. Roddy, 33,112 (La.App.2d Cir.4/07/00), 756 So.2d 1272, 1279.
The sentences imposed here are not for offenses “arising out of a common scheme or plan,” but three separate and distinct robbery and attempted robbery crimes committed at different times and places and | ¡¡against different victims, all within a 3.5 week period.
At sentencing the trial court did not advise the defendant of the time period for post conviction relief. The Louisiana Supreme Court has held that La.C.Cr.P. art. 930.8(C), which requires the trial court to inform the defendant of the limitations period for filing an application for post-conviction relief, is supplicatory language and does not bestow an enforceable right upon an individual defendant. State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. The defendant should have been advised by the trial court, and is now advised by this court’s opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

DECREE

The sentences imposed are not constitutionally excessive and are AFFIRMED.