817 So.2d 213 (2002)
STATE of Louisiana
v.
Myranisha FRANCOIS.
No. 01-KA-807.
Court of Appeal of Louisiana, Fifth Circuit.
April 10, 2002.
*214 Paul D. Connick, Jr., District Attorney, Alan D. Alario, II, Terry M. Boudreaux, Thomas S. Block, Assistant District Attorneys, Gretna, LA, For Plaintiff/Appellee.
Gwendolyn Kay Brown, Louisiana Appellate Project, Baton Rouge, LA, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER E. ROTHSCHILD.
DALEY, Judge.
The defendant, Myranisha Francois, pled guilty to armed robbery and was sentenced to eighteen years imprisonment. She has appealed, claiming her sentence is excessive.
The record reflects that defendant and co-defendant, Jason Elie, approached a woman who was getting out of her car. Defendant asked the woman for money. As the woman was getting money from her purse, Elie put a gun in the victim's face and told her to hand over her car keys. The two jumped in the car and drove off. The victim ran off and hid behind a shed. The defendant and co-defendant drove *215 back by the scene two times, then headed to New Orleans where they stopped at Elie's sister's home. A short time later, they were spotted by police and a chase ensued. They were apprehended when defendant lost control of the vehicle and crashed.
The trial court accepted defendant's guilty plea and informed her that she would be sentenced in accordance with a pre-sentence investigation. After taking into consideration the provisions of article 894.1 and defendant's previous record, the trial judge sentenced her to eighteen years imprisonment with the Department of Corrections.
On appeal, defendant argues the trial judge did not properly consider the following mitigating factors when he imposed her sentence: 1) She was not the gunman, 2) she was a first felony offender with only one prior violent offense as a juvenile, 3) she accepted responsibility by pleading guilty without any type of agreement pertaining to sentencing, 4) her personal background provided a reasonable basis for why she turned to crime, and 5) her codefendant, who was the actual gunman, only received a 12-year sentence. She further contends the sentence is unduly harsh considering her young age of 18.
Both the United States and Louisiana Constitutions prohibit the imposition of excessive or cruel punishment. U.S. Const. amend. VIII; La. Const. of 1974, art. I, § 20. A sentence is constitutionally excessive, even if it is within the statutory limits, if it is grossly disproportionate to the severity of the offense or is nothing more than the needless and purposeless imposition of pain and suffering. State v. Wickem, 99-1261 (La.App. 5 Cir. 4/12/00), 759 So.2d 961, writ denied, 00-1371 (La.2/16/01), 785 So.2d 839. Trial judges are granted great discretion in imposing sentences and sentences will not be set aside as excessive absent clear abuse of that broad discretion. State v. Bacuzzi, 97-573 (La.App. 5 Cir. 1/27/98), 708 So.2d 1065. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. State v. Watts, 99-311 (La. App. 5 Cir. 8/31/99), 746 So.2d 58, writ denied, 99-2733 (La.3/24/00), 758 So.2d 145.
Defendant was 17 years old at the time of the present offense. The trial court sentenced defendant based upon a pre-sentence investigation (PSI) report. The PSI indicated defendant had an extensive juvenile delinquency history. The trial court specifically noted that defendant had three juvenile delinquency adjudications, one of which was for a crime of violence. Additionally, the PSI revealed defendant had an adult conviction for possession of a stolen automobile and a pending charge for theft under $100.00 for which an attachment was issued because defendant failed to appear for court. The PSI also showed defendant had a history of drug abuse and a very difficult upbringing and family life.
Defendant argues her 18-year sentence is excessive because of her youthful age, minimal criminal history and the fact she was not the gunman in the present offense. In State v. Jones, 00-1699 (La.App. 4 Cir. 1/24/01), 779 So.2d 109, 113, the Fourth Circuit upheld defendant's 20 year sentence for armed robbery in spite of the fact defendant did not pull the gun. Similar to the present case, the defendant's accomplice in Jones put a gun to the victim's head and demanded the keys. The defendant grabbed the keys, jumped in the car and drove away. The defendant was still driving when he was apprehended by the police. The defendant was 21 years old at the time of the offense and had an extensive criminal history including juvenile *216 offenses. In finding the sentence not to be excessive, the court noted defendant directly aided in the commission of the crime, showed a continual pattern of criminal conduct, and a habitual disrespect for the law.
The jurisprudence shows similar sentences for armed robbery have been upheld as not being excessive. In State v. Davis, 596 So.2d 358, 362 (La.App. 4 Cir. 1992), writ denied, 604 So.2d 965 (La. 1992), the Fourth Circuit affirmed three consecutive 20-year sentences for armed robberies imposed on a youthful offender with six arrests for non-violent crimes as a juvenile and one prior felony conviction as an adult for possession of stolen property. Also, in State v. Adger, 30,215 (La.App. 2 Cir.12/10/97), 707 So.2d 1000, the Second Circuit upheld two concurrent 25 year sentences for armed robbery on an 18-yearold defendant who was a first felony offender. Additionally, in State v. Franklin, 30,644 (La.App. 2nd Cir.5/13/98), 714 So.2d 162, writ denied, 00-2541 (La.5/25/01), 792 So.2d 757, the Second Circuit did not find excessive a 30-year sentence for a 16-year-old defendant convicted of armed robbery where defendant had a prior criminal history as a juvenile.
Defendant also contends her sentence is excessive because her co-defendant only received a 12 year sentence. There is no requirement that co-defendants be treated equally by the sentencing judge. State v. Rogers, 405 So.2d 829, 831 (La.1981). The disparity of sentences between co-defendants is only a factor to be considered along with all other appropriate considerations in evaluating a contention that a sentence is excessive. State v. Quimby, 419 So.2d 951, 962 (La.1982).
Unlike defendant, the co-defendant did not have any prior convictions for violent crimes. Rather, the co-defendant only had two misdemeanor juvenile convictions.
Armed robbery is a serious offense against the person. Defendant directly participated in an armed robbery where a gun was pointed in the face of the victim. The victim was so traumatized by the incident and intimidated by defendant that the record shows she was unable to give a victim's impact statement at the time of sentencing. Defendant's criminal history includes another conviction for a violent offense against the person as a juvenile. Defendant obviously chose to continue her criminal conduct into adulthood as evidenced by the present offense as well as her conviction for possession of a stolen vehicle both of which were committed when defendant was only 17 years old. Furthermore, the high speed chase that defendant engaged in after the present offense demonstrates her complete lack of respect for the law.
Considering the nature of the crime, defendant's criminal background and other sentences imposed by this Court and other courts for the same offense, we find defendant's 18-year sentence is not excessive.
For the foregoing reasons, the defendant's sentence is affirmed.
AFFIRMED.