NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-897

STATE OF LOUISIANA

VERSUS

DANIEL RAY ARCHANGEL

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 10-2134
HONORABLE LORI ANN LANDRY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Sylvia R. Cooks, John D. Saunders, and Jimmie C. Peters, Judges.

AFFIRMED.

Hon. J. Phillip Haney
District Attorney
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
COUNSEL FOR APPELLEE:
        State of Louisiana

**Angela B. Odinet**
**Assistant District Attorney**
**415 Main Street**
**St. Martinville, LA 70582**
**(337) 394-2220**
**COUNSEL FOR APPELLEE:**
**State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
**Daniel Ray Archangel**

**SAUNDERS, Judge.**

On December 2, 2010, the Defendant, Daniel Ray Archangel, was charged by bill of information with home invasion, in violation of La.R.S. 14:62.8(A). On July 7, 2011, the Defendant entered a plea of guilty to the amended charge of unauthorized entry of an inhabited dwelling. La.R.S. 14:62.3 The Defendant was sentenced on February 8, 2012, to serve six years at hard labor with credit for time served. The Defendant filed a *pro se* motion to reconsider his sentence on or about February 26, 2012. Defense counsel also filed a motion to reconsider sentence on March 5, 2012. The Defendant's motion was summarily denied on March 23, 2012.[1]

The Defendant is now before this court on appeal, arguing that his sentence is excessive. The Defendant's sentence is affirmed.

**FACTS:**

At the time of the Defendant's guilty plea, the State established that on April 4, 2010, the Defendant entered the residence of his ex-wife without her consent or authorization.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

**ASSIGNMENT OF ERROR:**

In his sole assignment of error, the Defendant argues that the trial court erred in imposing a constitutionally excessive sentence. The Defendant asserts that he accepted responsibility for his actions as evidenced by his guilty plea. Also, the

---

[1]The Defendant's *pro se* motion did not have an order attached. The record reflects that the attorney-filed motion was denied.

Defendant stresses that he fathered a baby with the victim, Eva Archangel, and that the baby was two weeks old at the time of sentencing. Lastly, the Defendant asserts that the victim wrote a letter to the trial court, asking the trial court that the Defendant be allowed to return home to help provide assistance for their baby, who suffers from mental and physical problems. The victim indicated that she and the Defendant had put aside their differences and sought to continue their lives together with their newborn child. The Defendant concludes that given the lack of severity of the offense, his sentence is excessive.

> The sentencing court has broad discretion in imposing penalties for criminal convictions:
>
>> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.
>
> *State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted). "The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate." *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331.

*State v. Prejean*, 10-480, pp. 2-3 (La.App. 3 Cir. 11/3/10), 50 So.3d 249, 251-52. The courts agree that maximum sentences are typically reserved for the most serious offenses and the most egregious offenders. *See State v. Baker*, 08-54 (La.App. 3 Cir. 5/7/08), 986 So.2d 682.

The penalty for unauthorized entry of an inhabited dwelling is a sentence of not more than six years, a fine of not more than $1,000.00, or both. La.R.S. 14:62.3. As such, the trial court imposed the maximum possible sentence but

spared the Defendant a fine. As a result of his plea agreement, however, the Defendant's sentencing exposure was significantly reduced. Prior to his plea agreement, the Defendant faced a sentence of five to twenty years, the first five years to be served without benefit of parole, probation, or suspension of sentence, and a fine of not more than $5,000.00. La.R.S. 14:62.8.

At sentencing, the trial court noted that the Defendant did not appear for his original sentencing scheduled on September 28, 2011. He was picked up on January 5, 2012, and had remained incarcerated since that time. The State directed the trial court to a letter written by the victim, Eva Archangel, wherein she requested that the Defendant be allowed to return home as soon as possible because they had a newborn child together. The child had both mental and physical problems, and the victim was unable to provide for the child on her own and needed the Defendant's assistance. According to the victim, the Defendant was one of the main care providers for the child, both financially and physically, as he assisted with child care. The victim acknowledged that the Defendant had an extensive criminal history but asked the trial court to consider the time that had elapsed since his last offense. She also asked the trial court to consider a possible sentence of home incarceration. If home incarceration was not possible, she asked the trial court to consider a work-release program to allow him to provide financially for the child.

The Defendant stated that he was home with his baby when he was picked up on January 5, 2012. He asserted that he would like to be home with the baby because he had a bad back and the baby was missing appointments with her doctor.

The trial court recalled that at the time of the plea agreement, the Defendant maintained that he had no prior convictions or pending charges. A certified criminal history report indicated, however, that he was a fourth felony offender.

3

The Defendant had been convicted of purse snatching, carnal knowledge of a juvenile, simple burglary, aggravated battery, and resisting arrest. He also had convictions for thefts under $100 and driving under suspension. The trial court acknowledged there was an indication of some type of substance abuse that precipitated the behavior, and the prior offenses were committed years earlier in the 1980's. The trial court opined, however, that just because the Defendant had a new baby, it could not impose a sentence that was not commensurate with his criminal record. The trial court reminded the Defendant that he was not incarcerated pending sentencing scheduled on September 28, 2011, and failed to appear for sentencing on that date. The trial court believed that the only reason he was now before the trial court for sentencing was because he had been caught. The trial court considered the hardship and impact on the Defendant's family in his absence and that he was a "good guy" when he was sober. Lastly, the trial court considered the benefit gained from his plea agreement wherein the charge was amended from home invasion to unauthorized entry of an inhabited dwelling.

After imposition of sentence, the trial court stated it would recommend the Defendant for any type of work release program for which the Department of Corrections found suitable or any type of reentry program. The trial court added that home incarceration was cost prohibitive for the Defendant. Also, home incarceration made no sense in light of the Defendant's problems at home. Additionally, the trial court recommended substance abuse treatment and education while incarcerated so that the Defendant could learn to cope with stress upon his release.

In *State v. Dossman*, 06-449, 06-450 (La.App. 3 Cir. 9/27/06), 940 So.2d 876, *writ denied*, 06-2683 (La. 6/1/07), 957 So.2d 174, the defendant, adjudged a second felony offender, was sentenced to six years for unauthorized entry of an

4

inhabited dwelling.[2] The trial court expressed concern regarding the past harassment of one of the two victims, and the defendant's violation of a restraining order she had against him. In its reasons for sentencing, the trial court also noted the second victim's allegations that the defendant had pushed her and threatened to kill the first victim during the incident. At the hearing on the defendant's motion to reconsider sentence, the trial court noted a serious concern that the defendant would continue to pursue the first victim if given a lesser sentence.

In *State v. Williams*, 32,993 (La.App. 2 Cir. 3/1/00), 754 So.2d 418, the defendant's five-year sentence for unauthorized entry of an inhabited dwelling was affirmed. In *Williams*, the defendant went to his girlfriend's apartment, but she told him she did not want to see him. He kicked in the door, entered, and argued with the victim. Also, he physically restrained the victim, but she managed to escape and contact a friend for assistance.

Although the facts of the instant case do not appear as egregious as those in *Dossman* and *Williams*, and the Defendant has not been adjudicated a habitual offender, he, nonetheless, has an extensive criminal history, including four felonies, and had a troubled past with the victim. Considering his criminal history and the benefit received from his plea agreement, we find that the Defendant's sentence is not excessive; thus, this assignment of error is without merit.

**DECREE:**

The Defendant's sentence is affirmed.

**AFFIRMED.**

---

[2] As a second offender, the sentencing range was three to twelve years.